# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WAYNE MYERS, | No. 4:19-CV-01349 |
| Plaintiff, | (Judge Brann) |
| v. | |
| MAHONING TOWNSHIP and WILLIAM LYNN, T.S. SCOTT, and DEAN VANBLOHN, *individually and in their official capacities as Township officials*, | |
| Defendants. | |

## MEMORANDUM OPINION

### DECEMBER 20, 2019

**I.     BACKGROUND**

On August 2, 2019 Plaintiff Wayne Myers filed a two-count complaint against Defendants Mahoning Township (the "Township"), William Lynn, T.S. Scott, and Dean VanBlohn (all four together, the "Township Defendants"). On October 4, 2019, the Township Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. The motion is now ripe for disposition. For the reasons that follow, the Court denies it in part and grants it in part. However, the Court will provide Myers with leave to amend his complaint with respect to his First Amendment retaliation claim.

## II. DISCUSSION

### A. Motion to Dismiss Standard

Under Federal Rule of Civil Procedure 12(b)(6), the Court dismisses a complaint, in whole or in part, if the plaintiff has failed to "state a claim upon which relief can be granted." A motion to dismiss "tests the legal sufficiency of a pleading"[1] and "streamlines litigation by dispensing with needless discovery and factfinding."[2] "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."[3] This is true of any claim, "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one."[4]

Following the Roberts Court's "civil procedure revival,"[5] the landmark decisions of *Bell Atlantic Corporation v. Twombly*[6] and *Ashcroft v. Iqbal*[7] tightened the standard that district courts must apply to 12(b)(6) motions. These cases "retired" the lenient "no-set-of-facts test" set forth in *Conley v. Gibson* and replaced it with a more exacting "plausibility" standard.[8]

---

[1] *Richardson v. Bledsoe*, 829 F.3d 273, 289 n.13 (3d Cir. 2016) (Smith, C.J.) (*citing Szabo v. Bridgeport Machines, Inc.,* 249 F.3d 672, 675 (7th Cir. 2001) (Easterbrook, J.)).

[2] *Neitzke v. Williams,* 490 U.S. 319, 326–27 (1989).

[3] *Neitzke*, 490 U.S. at 326 (*citing Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984)).

[4] *Neitzke*, 490 U.S. at 327.

[5] Howard M. Wasserman, THE ROBERTS COURT AND THE CIVIL PROCEDURE REVIVAL, 31 Rev. Litig. 313, 316, 319-20 (2012).

[6] 550 U.S. 544 (2007).

[7] 556 U.S. 662, 678 (2009).

[8] *Iqbal*, 556 U.S. at 670 (*citing Conley v. Gibson*, 355 U.S. 41 (1957)) ("[a]cknowledging that *Twombly* retired the *Conley* no-set-of-facts test").

Accordingly, after *Twombly* and *Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[9] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[10] "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully."[11] Moreover, "[a]sking for plausible grounds . . . calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [wrongdoing]."[12]

The plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[13] No matter the context, however, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[14]

---

[9] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

[10] *Iqbal*, 556 U.S. at 678.

[11] *Connelly v. Lane Const. Corp.*, 809 F.3d 780 (3d Cir. 2016) (Jordan, J.) (internal quotations and citations omitted).

[12] *Twombly*, 550 U.S. at 556.

[13] *Iqbal*, 556 U.S. at 679.

[14] *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 557 (internal quotations omitted)).

When disposing of a motion to dismiss, the Court "accept[s] as true all factual allegations in the complaint and draw[s] all inferences from the facts alleged in the light most favorable to [the plaintiff]."[15] However, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions."[16] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[17]

As a matter of procedure, the United States Court of Appeals for the Third Circuit has instructed that:

> Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps. First, it must tak[e] note of the elements [the] plaintiff must plead to state a claim. Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, [w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.[18]

"Generally, consideration of a motion to dismiss under Rule 12(b)(6) is limited to consideration of the complaint itself."[19] Typically, to consider materials outside the complaint, a motion to dismiss must be converted to a motion for

---

[15] *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008) (Nygaard, J.).

[16] *Iqbal*, 556 U.S. at 678 (internal citations omitted); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (Nygaard, J.) ("After *Iqbal*, it is clear that conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss.").

[17] *Iqbal*, 556 U.S. at 678.

[18] *Connelly*, 809 F.3d at 787 (internal quotations and citations omitted).

[19] *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006).

summary judgment.[20] However, "[c]onsideration of materials outside the complaint is not entirely foreclosed on a 12(b)(6) motion."[21] It is permissible to consider full text of documents partially quoted in complaint.[22] It is also permissible to consider documents relied upon by plaintiff in drafting the complaint and integral to the complaint.[23] "However, before materials outside the record may become the basis for a dismissal, several conditions must be met."[24] "For example, even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document."[25] It must also be clear that there exist no material disputed issues of fact regarding the relevance of the document.[26] In this matter, I find that these conditions have been met, and will consequently consider the Township Defendants' attachments.

### B. Facts

The facts alleged in Myers' complaint, which I must accept as true for the purposes of this motion, are as follows. I also include certain other facts from

---

[20] *See id.* and Fed. R. Civ. P. 12(d).

[21] *Faulkner,* 463 F.3d at 134.

[22] *San Leandro Emergency Med. Group Profit Sharing Plan v. Philip Morris Cos.*, 75 F.3d 801, 808–09 (2d Cir. 1996).

[23] *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47–48 (2d Cir. 1991).

[24] *Faulkner*, 463 F.3d at 134.

[25] *Id.*; *see also e.g., Kaempe v. Myers*, 367 F.3d 958, 965 (D.C.Cir. 2004); *Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co.,* 267 F.3d 30, 33 (1st Cir. 2001).

[26] *Faulkner*, 463 F.3d at 134.

documents integral to Myers' complaint. The parties do not dispute the accuracy or authenticity of these documents.

### 1. The Parties

Myers was on the Township's Board of Supervisors from 2013 to 2017, when he resigned. Scott and Lynn are on the Board and were on the Board at the time of Myers' below deposition. VanBlohn is the Township's Zoning Officer.[27]

### 2. Myers' October 31, 2018 Deposition Testimony

On October 31, 2018, Myers testified at a deposition relating to a lawsuit the Township had filed against Christine DeLong, a former Secretary/Treasurer of the Township. Myers testified on DeLong's behalf and "expressed his belief" that DeLong was wrongfully caused to resign just before being eligible for retirement benefits. Myers also testified that he resigned from the Board in 2017 because Lynn and Scott had violated the Pennsylvania Sunshine Act. The Sunshine Act requires agencies to deliberate and take official action on agency business in an open and public meeting.[28]

### 3. Myers' Efforts to Waive Municipal Requirements and Improve his Property

Myers owns and operates a school bus company on his property in the Township.[29] In order to expand and improve his company's parking lot, he needed

---

[27] ECF No. 1 ("Complaint") at ¶¶ 1, 3-5, 17.

[28] *Id.* at ¶¶ 19-22; 65 Pa.C.S.A. §§ 701-16.

[29] *Id.* at ¶ 15.

approval from the Township.[30]  Before his deposition, Myers had been in discussions with the Township about applications for permits to effectuate this.  He had received a zoning permit to pave a portion of his parking lot, and he had completed the first portion of the work he needed to do, without the Township requiring further approval.[31]

Before his deposition, Myers expressed his belief that Lynn and Scott had violated the law; he also expressed that he was cooperating in DeLong's court case.  Myers was advised he would need a "Subdivision and Land Development Plan," per the Township's Subdivision and Land Development Ordinance ("SALDO") to pave the remaining portion of his parking lot.  VanBlohn directed Myers to apply for a waiver of this requirement.  Myers did so.[32]

### 4. SALDO's Requirements and Procedures

Per SALDO, developers in the Township need to include a Land Development Plan with "[a]ll proposed land development proposals."[33]

SALDO includes the following definitions:[34]

- "Land development": "The improvement of one lot or two or more contiguous lots, tracts or parcels of land for any purpose involving . . . [a] group of two or more residential or nonresidential buildings,

---

[30] *Id.* at ¶ 16.

[31] *Id.* at ¶¶ 23-24.

[32] *Id.* at ¶¶ 25-27.

[33] Mahoning Township Code of Ordinances, Chapter 211, Subdivision and Land Development, § 211-17, *available at* https://ecode360.com/7261964.

[34] *Id.* at § 211-12.

whether proposed initially or cumulatively, or a single nonresidential building on a lot or lots regardless of the number of occupants or tenure . . ."

- "Land development, Commercial": "The subdivision or development of a tract of land into lots or spaces which are designed or intended for commercial purposes, including but not limited to restaurants, shopping centers, motels and other similar types of activities or services which generate revenue, whether or not for profit."

- "Development": "Any man-made change to improved or unimproved real estate, including but not limited to the construction, reconstruction, renovation, repair, expansion or alteration of buildings or other structures; the placement of mobile homes or manufactured housing; streets or other paving; utilities; filling, grading and excavation; mining; dredging; drilling operations; storage of equipment or materials; and the subdivision of land. (See also "land development.")"

Any applicant who feels that SALDO's provisions would cause an "unique and undue hardship" to their proposed development may apply for a waiver of these provisions. They must do so in writing to the Board. SALDO provides that the Board may grant such a waiver if they find that substantial justice and the public interest would be served, "provided that such a waiver or modification will not have the effect of nullifying the intent or purpose" of the SALDO.[35]

### 5. The Board Denies Myers' Waiver Application

At a subsequent December 17, 2018 meeting of the Board, the Board denied Myers' application for a waiver. The Board gave Myers no prior notice. Myers

---

[35] *Id.* at § 211-55 (B).

learned that his application had been denied when he received a letter from VanBlohn dated February 8, 2019.[36]

### C. Analysis

Myers alleges two different violations of 42 U.S.C. § 1983. His first claim sounds in retaliation under the First Amendment. His second claim sounds in procedural due process.

#### 1. First Amendment Retaliation

##### a. Legal Standard

To state this claim, Myers must establish:[37]

1) That he engaged in Constitutionally-protected conduct;

2) That he suffered a retaliatory, adverse action sufficient to deter a person of ordinary firmness from exercising his Constitutional rights; and

3) A causal link between the Constitutionally-protected conduct and the adverse action.

To establish the requisite "causal link," Myers must show that the protected conduct was a substantial or motivating factor in the Township Defendants' alleged adverse action. *Bd. of County Comm'rs v. Umbehr*, 518 U.S. 668, 675 (1996). This requires that Myers show that the Township Defendants knew about

---

[36] *Id.* at ¶¶ 28-29.

[37] *Thomas v. Independence Township*, 463 F.3d 285, 296 (3d Cir. 2006).

the protected conduct. *Gorum v. Sessoms*, 561 F.3d 179, 188 (3d Cir. 2009). Myers can show this knowledge through direct or circumstantial evidence.[38]

A plaintiff usually must prove either (1) an unusually suggestive temporal proximity between the protected conduct and the alleged adverse action, or (2) a pattern of antagonism coupled with timing to establish a causal link. *Lauren W. ex rel Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007). Without either of those two varieties of proof, a plaintiff must show that from the "evidence gleaned from the record as a whole," the trier of fact should infer causation. *Id.* The Township Defendants may defeat Myers' case by "showing that [they] would have taken the same action even in the absence of the protected conduct." *Umbehr*, 518 U.S. at 675.

### b. Application

Defendants concede the first two elements, so my analysis here hinges on the "causal link" third element.

Myers cannot state a retaliation claim with respect to his pre-deposition "express[ion] of his belief that Lynn and Scott had violated the law [and] that he was cooperating in DeLong's court case," because he has pled no facts showing that any of the Township Defendants knew about this expression. *Gorum v. Sessoms*, 561 F.3d at 188.

---

[38] *Schlarp v. Dern*, 610 F.Supp.2d 450, 470 (W.D.Pa. 2009).

Myers' deposition testimony isn't as simple. At this early motion-to-dismiss stage, and taking the record as a whole, the Court can infer from the Township's taking Myers' deposition that the Township, as well as Lynn and Scott (Township Board members), knew of the protected testimony within.[39] That logic does not extend to VonBlohn, a Township employee who was not a member of its Board. As Myers has presented "no independent knowledge" that VonBlohn knew about the deposition testimony, the Court must dismiss Myers' First Amendment retaliation claim as to VonBlohn.[40]

### 2. Procedural Due Process

#### a. Legal Standard

To state this claim, Myers must establish:[41]

1) A deprivation of a protected liberty or property interest; and

2) The procedures the government used to remedy the deprivation did not provide due process of law.

---

[39] *See Gorman v. Bail*, 947 F. Supp. 2d 509, 525 (E.D. Pa. 2013) (defendants' "attend[ance] at hearing at which [plaintiff] testified" would have been important factor in determining causal link); *Edinger v. City of Westminster*, No. SACV140145DOCRNBX, 2015 WL 8770002, at *13 (C.D. Cal. Dec. 14, 2015) (court drew inference that one government actor present at plaintiff's deposition disclosed negative nature of plaintiff's testimony to other government actors); *see also Maa v. Ostroff*, No. 12-CV-00200-JCS, 2013 WL 5755043, at *10 (N.D. Cal. Oct. 23, 2013) (allegations of knowledge of deposition testimony sufficed); *see generally McAndrew v. Bucks Cnty. Bd. of Comm'rs*, 2016 U.S. Dist. LEXIS 57821, at *64 (E.D.Pa. Apr. 29, 2016).

[40] *Schlarp v. Dern*, 610 F. Supp. 2d 450, 471 (W.D. Pa. 2009).

[41] *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006).

The United States Court of Appeals for the Third Circuit has held that state and municipal officials are Constitutionally obliged to offer a means by which individuals may challenge a government's zoning restrictions and other adverse land use decisions. *Maple Props., Inc. v. Twp. of Upper Providence*, 151 Fed Appx. 174, 178 (3d Cir. 2005).

### b. Application

Defendants concede that Myers had a property interest, so my analysis here hinges on whether governmental procedures provided due process. Here, the "Pennsylvania Municipalities Code allows those aggrieved by a land use decision" (such as the Board's denial of Myers' waiver application) "to challenge the action in administrative and judicial proceedings." The Third Circuit "has previously recognized these procedures as a constitutionally adequate means to protect interests in property." *Id.* This holding controls, and the Court therefore must dismiss Myers' procedural due process claim.[42]

---

[42] Myers' procedural due process argument does not contest this holding. Further, the Court disagrees with Myers' suggestion that "the Supreme Court decision in *Knick v. Township of Scott, Pennsylvania*," 139 S. Ct. 2162, (2019), "should control the matter at issue." ECF No. 14 at 15. As the Township Defendants note, the United States Supreme Court in *Knick* noted that "the analogy from the due process context to the takings context is strained" in rejecting previous precedent's reliance on a procedural due process case. *Id.* at 2174. This Court refuses to extend *Knick* to the realm of procedural due process. *See Bonilla v. City of Allentown*, No. 5:14-CV-05212, 2019 WL 4386398, at *2 (E.D. Pa. Sept. 12, 2019) ("*Knick* deals with the narrow subject of takings claims.")

## III. CONCLUSION

Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) is granted with respect to Plaintiff's retaliation claim against VonBlohn and his procedural due process claim. Plaintiff's retaliation claim survives as to the other three Township Defendants.

Plaintiff is granted leave to amend with respect to his retaliation claim against VonBlohn. "The Federal Rules of Civil Procedure do not address the situation in which a deficiency in a complaint could be cured by amendment but leave to amend is not sought."[43] "Circuit case law, however, holds that leave to amend must be given in this situation as well."[44] It is well settled in this circuit that leave to amend should be "freely granted."

Leave to amend is denied with respect to Plaintiff's procedural due process claim. "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility."[45] "Futility" means that the complaint, as amended, would fail to state a claim upon which relief could be granted.[46] Although there is a "liberal pleading philosophy of the federal rules" a

---

[43] *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1434 (3d Cir. 1997) ("*Burlington*").

[44] *Id.*

[45] *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413–14 (3d Cir.1993).

[46] *Burlington*, at 1434. In assessing "futility," the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6). *Id.*; 3 Moore's Federal Practice, supra § 15.15[3], at 15–47 to –48 (3d ed.2000).

court will dismiss the amended complaint in its entirety with prejudice because another opportunity for amendment would be futile.[47] "Futility" means that the complaint, as amended, would fail to state a claim upon which relief could be granted.[48] "Accordingly, if a claim is vulnerable to dismissal under Rule 12(b)(6), but the plaintiff moves to amend, leave to amend generally must be granted unless the amendment would not cure the deficiency."[49]

As such, Plaintiff will be given fourteen days from today's date to file an amended complaint with respect to his retaliation claim. If no amended complaint is filed, the action will be summarily dismissed pursuant to Federal Rule of Civil Procedure 41(b).

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[47] *See Bjorgung v. Whitetail Resort, LP*, 550 F.3d 263, 266 (3d Cir. 2008).

[48] *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

[49] *Id.*